UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARVANEH ALIZADEH and PARVA PROPERTY MANAGEMENT LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CITIBANK USA NA., UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No. 2:24-mc-00043 DAD AC<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

This case is before the court on plaintiff's motion to quash a service of summons issued by the United States Revenue Officer David Barbearo ("IRS") to CitiBank USA N.A. ("CitiBank") (ECF No. 1), and a cross-motion by the United States of America to summarily deny the motion to quash and enforce the summons (ECF No. 12). The motions were taken under submission on the papers. ECF Nos. 3, 13. Having fully considered the arguments of the parties, the undersigned concludes that the motion to quash must be denied and the case closed because the court lacks jurisdiction to quash the summons.

**I.     Relevant Background**

Plaintiff filed this miscellaneous case to quash an IRS summons on January 31, 2024. ECF No. 1. Named defendants are CitiBank and the United States. On January 10, 2024, the IRS issued a summons to CitiBank seeking "production of all records for all accounts belonging to

1

Parva Property Management, LLC and Parvaneh Alizadeh in the matter of Abe Alizadeh." Id. at 3.[1]

## II.     Analysis

Plaintiffs assert that the summons should be quashed because Abe Alizadeh is not an account holder or signer on the CitiBank accounts, and because the summons was issued in bad faith. ECF No. 1 at 4. The court does not reach these arguments because the court lacks jurisdiction to hear this case.

Congress "has authorized and required' the IRS 'to make the inquires, determinations, and assessments of all taxes' the Internal Revenue Code imposes." United States v. Clarke, 573 U.S. 248, 249-50 (2014) (quoting 26 U.S.C. § 6201(a)). In keeping with that mandate, "Congress has endowed the IRS with expansive information-gathering authority." United States v. Arthur Young & Co., 465 U.S. 805, 816 (1984). The only statute that provides federal courts with jurisdiction to quash an IRS summons is 26 U.S.C. § 7609, making it the exclusive method by which a taxpayer can challenge an IRS summons. See Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir. 1985); Viewtech, Inc. v. United States, 2009 WL 3378990, at *1 (S.D. Cal. Oct. 16, 2009), aff'd, 653 F.3d 1102 (9th Cir. 2011).

Ms. Alizadeh and Parva Property Management ("PPM") assert that this court has jurisdiction pursuant to § 7609. ECF No. 1, at 2. Section 7609(h) provides that United States district courts have jurisdiction "to hear and determine any proceeding brought under subsection (b)(2)" and other subsections not applicable here. Section 7609(b)(2) allows parties entitled to notice of an IRS summons to bring a proceeding to quash, and therefore constitutes a waiver of sovereign immunity.[2] Mollison v. United States, 568 F.3d 1073, 1075 (9th Cir. 2009); United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003). Like all such waivers, the one contained in section 7609 must be strictly construed. See Lehman v. Nakshian, 453 U.S. 156, 160 (1981).

---

[1] The motion to quash indicates that the summons is attached as Exhibit A to the Declaration of Parvaneh Alizadeah, id., but there is no such attachment. See ECF No. 1-1.

[2] The United States is immune from suit unless there is a valid waiver of sovereign immunity. Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir. 1995).

1    Only a party entitled to notice of a summons under section 7609(c)(2)(D) is entitled to
2    bring a motion to quash under section 7609(b).  See 26 U.S.C. § 7609(b)(2)(A).  Neither Ms.
3    Alizadeh nor PPM was entitled to notice, for the reasons now explained.
4    When issuing a summons to a third party, the IRS is generally required to give notice to
5    "any person . . . who is identified in the summons." 26 U.S.C. § 7609(a).  Notice is not required
6    for all summonses, however.  Section 7609(c) contains express exceptions to the notice
7    requirement, including that the notice requirement "shall not apply to any summons" that is
8    "issued in aid of the collection of an assessment made or judgment rendered against the person
9    with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(i).  Collection
10   summonses are therefore different from summonses used to investigate and assess correct tax
11   liabilities.  Persons identified in a summons for which notice is not required do not have a right to
12   bring a proceeding to quash.  Viewtech, Inc. v. United States, 653 F.3d 1102, 1106 (9th Cir.
13   2011), Barmes v. United States, 199 F.3d 386, 388 (7th Cir.1999) ("[I]f notice is not mandated,
14   neither is a petition to quash authorized.").
15   Here, Revenue Officer Barbearo issued the summons to CitiBank bank "in aid of the
16   collection of" Mr. Abe Alizadeh's previously assessed federal tax.  See ECF No. 9-2 (Barbearo
17   Decl.), ¶¶ 6, 7, 14, 16-18.  Officer Barbearo's investigation revealed that Parvaneh Alizadeh is
18   Abe Alizadeh's sister, and information uncovered by Officer Barbearo suggests that Mr. Alizadeh
19   may have access to, and use of, bank accounts held in Ms. Alizadeh's and PPM's names,
20   including at CitiBank, for the purpose of shielding the account from the IRS.  Id. ¶¶ 16.  The
21   Summons that RO Barbearo issued in this case falls squarely within the exception established by
22   section 7609(c)(2)(D)(i).  As Barbearo Declaration shows, the IRS has made assessments against
23   Mr. Alizadeh for the 2014 through 2018 tax periods.  Barbearo Decl. ¶ 6.  Additionally, the
24   declaration establishes that the purpose of his investigation is to locate assets to satisfy Mr.
25   Alizadeh's assessed federal tax liabilities.  Barbearo therefore issued the Summons to aid in the
26   collection of these assessed federal tax liabilities.  See id. ¶¶ 7-16.  Accordingly, under section
27   7609(c)(2)(D)(i), the IRS was not required to give notice of the Summons to any party, including
28   Mr. Alizadeh, Ms. Alizadeh, or PPM.

Because Ms. Alizadeh and PPM were not entitled to notice, they cannot bring a proceeding to quash the summons under section 7609(b)(2). That statute's waiver of sovereign immunity does not apply to the situation presented, and this court therefore lacks jurisdiction to consider the motion to quash. The motion should be summarily denied.

### III.   Conclusion

Because the court lacks jurisdiction to hear this case, IT IS HEREBY RECOMMENDED that plaintiff's motion to quash (ECF No. 1) be DENIED, the motion for summary denial (ECF No. 12) be GRANTED, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991)

DATED: April 18, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE